**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| DOUG SPRINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) 2:21-cv-00398-JMS-MJD |
| | ) |
| | ) |
| VIGO COUNTY HEALTH DEP'T, | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Introductory Statement**

1. The defendant, Vigo County Health Department ("the Health Department"), admits that it maintains a Facebook Page. The Health Department does use this Facebook page to disseminate information to the general public regarding issues of public concern. Obviously, information concerning the COVID-19 pandemic has and continues to be one of the main issues on which information is being disseminated through the Health Department Facebook Page. The Health Department admits the decision to prevent the plaintiff, Mr. Springer, from commenting on the Facebook Page of the Health Department is based on the belief that Mr. Springer was using the Health Department's Facebook platform to engage in disinformation and unprotected speech regarding the severity of the COVID-19 pandemic. Nothing prevents Mr. Springer from posting on his own Facebook page his feelings and issues surrounding the COVID-19 pandemic, the

Health Department, or any other topic, except rules promulgated and enforced by Facebook itself.

**Jurisdiction and Venue**

2. The defendant admits the Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. The defendant admits rhetorical paragraph 3 of plaintiff's complaint.

4. The defendant admits the Plaintiff is seeking Declaratory Relief under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, but denies Declaratory Relief is appropriate.

5. The defendant admits this action is brought pursuant to 42 U.S.C § 1983, but denies any violation has occurred.

**Parties**

6. The defendant admits rhetorical paragraph 6 of the plaintiff's complaint.

7. The defendant admits rhetorical paragraph 7 of plaintiff's complaint.

**Facts**

8. The defendant admits rhetorical paragraph 8 of the plaintiff's complaint.

9. The defendant admits rhetorical paragraph 9 of the plaintiff's complaint.

10. The defendant admits rhetorical paragraph 10 of the plaintiff's complaint.

11. The defendant admits rhetorical paragraph 11 of the plaintiff's complaint.

12. The defendant admits rhetorical paragraph 12 of the plaintiff's complaint.

13. The defendant admits rhetorical paragraph 13 of the plaintiff's complaint.

14. The defendant admits rhetorical paragraph 14 of the plaintiff's complaint.

15. The defendant admits rhetorical paragraph 15 of the plaintiff's complaint.

16. The defendant admits the plaintiff made a comment on the Health Department's Facebook page in response to a graph showing confirmed daily COVID-19 cases. Defendant contends the comment made by the plaintiff was inappropriate and unprotected speech in that the plaintiff was attempting to make fraudulent over-generalized statements concerning the potential severity of the COVID-19 illness. Vigo County does not contend every person who contracts COVID-19 ends up with serious symptoms or dies, but to portray the COVID-19 pandemic or the potential outcomes of contracting the virus as being "much less dangerous than is being portrayed" was a fraudulent statement and not protected speech under the 1st Amendment. The plaintiff's statement indicating that this disease was "much less dangerous than it was being portrayed" is a message the Health Department is not willing to tolerate on its Facebook Page for anyone. The Health Department is the department of local government who many times is trying to help people navigate the misery of dealing with the acute or ongoing symptoms and sometimes deadly outcomes of COVID-19 and its variants. To portray on the Facebook page any messaging that the disease was "much less dangerous than is being portrayed" ran counter to the Health Department's mission and plan to try and minimize the impact of this disease and hopefully come out of the COVID-19 pandemic.
17. The defendant admits rhetorical paragraph 17 of plaintiff's complaint.
18. The defendant admits rhetorical paragraph 18 of the plaintiff's complaint in that any post which in the opinion of the Health Department does not seek to misinform the public or engage in unprotected speech is not removed from the Health Department's Facebook

page.

19. The defendant admits rhetorical paragraph 19 of the plaintiff's complaint, but would state the decision to remove prior posts was done by operation of Facebook's programming when the Health Department made the decision to prevent the plaintiff from commenting on posts.

20. The defendant admits rhetorical paragraph 20 of the plaintiff's complaint.

21. The defendant denies rhetorical paragraph 21 of the plaintiff's complaint.

22. The defendant denies rhetorical paragraph 22 of the plaintiff's complaint.

23. The defendant denies rhetorical paragraph 23 of the plaintiff's complaint.

24. The defendant admits rhetorical paragraph 24 of plaintiff's complaint.

**Legal Claim**

25. The defendant denies rhetorical paragraph 25 of the plaintiff's complaint.

**Relief Requested**

**WHEREFORE,** the Defendant respectfully requests that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare defendant did not violate the rights of plaintiff.

3. Deny any request for injunction.

4. Award all other proper relief.

**Affirmative Defenses**

1. The complaint fails to state a claim upon which relief can be granted against the defendant.

Respectfully Submitted,

/s/ Michael J. Wright
Signature, Attorney for Vigo County Health Dept.

Michael J. Wright, Atty #: 26654-84
Printed Name and bar number

605 Ohio Street, Suite 312
Terre Haute, IN 47807
Address

Wrightlawfirm812@gmail.com
E-mail address

(812) 201-9562
Phone number

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2022, a copy of the foregoing Answer was filed electronically.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

 /s/ Michael J. Wright
Michael J. Wright