IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOUG SPRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00398-JMS-MJD |
| | ) | |
| VIGO COUNTY HEALTH DEP'T, | ) | |
| | ) | |
| Defendant. | ) | |

# CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

   A.   Plaintiff: Doug Springer

       Defendant: Vigo County Health Department

   B.   Counsel for plaintiff:

       Gavin M. Rose
       ACLU of Indiana
       1031 E. Washington St.
       Indianapolis, IN 46202
       317-635-4059
       grose@aclu-in.org

   C.   Counsel for defendant:

       Michael J. Wright
       605 Ohio St., Ste. 312
       Terre Haute, IN 47807
       812-201-9562
       wrightlawfirm812@gmail.com

**II.   Jurisdiction and Statement of Claims**

   A.   This Court has federal question jurisdiction of this cause pursuant to 28 U.S.C § 1331.

1

  B.  Plaintiff's statement: Like many public agencies, the Vigo County Health Department ("the Health Department") maintains and operates a Facebook page. It uses this page to post information concerning public health and public-health initiatives that might be of interest to persons in Vigo County and, understandably, the majority of its posts over the past two years have revolved around the COVID-19 pandemic. In response to one of these posts, Doug Springer used Facebook's "comment" function to express his belief that COVID-19 case counts publicized by the Health Department were misleading insofar as most persons that tested positive for COVID-19 would not develop significant symptoms from the virus. The Health Department responded swiftly to Mr. Springer's comment by "banning" him entirely from its Facebook page, an action that serves not only to delete Mr. Springer's comment but also to prevent him from making any other comment on the Health Department's Facebook page. The plaintiff contends that the Health Department's action in banning Mr. Springer from its Facebook page unjustifiably impinges on Mr. Springer's right to free speech under the First Amendment. Declaratory and injunctive relief is appropriate

  C.  Defendant's statement: The Vigo County Health Department ("the Health Department") maintains a Facebook page to post information concerning public health issues. Understandably, most public health posts in recent years have been related to the COVID-19 pandemic. The Health Department contends the Plaintiff, Mr. Springer, engaged in unprotected speech to further his own goal of convincing people that COVID-19 was less dangerous than was being portrayed. The Health Department after consultation with the Administrator of the Health Department, Dr. Darren C. Brucken, M.D., determined and believed that any messaging which downplayed the seriousness of the COVID-19 pandemic was contrary to the mission of the Health Department and unprotected fraudulent speech. The Health Department contends Mr. Springer's First Amendment rights were not violated and does not believe Declaratory or injunctive relief is appropriate.

**III.**  **Pretrial Pleadings and Disclosures**

  A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before January 31, 2022.

  B.  Plaintiff shall file preliminary witness and exhibit lists on or before February 7, 2022.

  C.  Defendant shall file preliminary witness and exhibit lists on or before February 14, 2022.

  D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before February 14, 2022.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before February 14, 2022. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 30, 2022. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 45 days after Plaintiff serves his expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before June 27, 2022.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than May 30, 2022. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before February 1, 2023. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before December 29, 2022. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").

The parties do not believe that a substantial volume of ESI will be produced.

The parties agree that ESI will be produced in its native format, unless otherwise agreed to by the parties as to a specific production. Produced documents need not

include metadata.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

A. The parties agree that this case is likely to be fully resolved on summary judgment. Neither the comment(s) made by the plaintiff on the defendant's Facebook page nor the defendant's action in response to those comment(s) is likely to be subject to reasonable dispute.

B. On or before September 6, 2022, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. The parties agree that if summary judgment motions are filed, Track 2 would be appropriate. Therefore, any dispositive motions shall be filed by June 27, 2022; non-expert witness discovery and discovery relating to liability issues shall be completed by May 30, 2022; expert witness discovery and discovery relating to damages shall be completed by January 29, 2023. All remaining discovery shall be completed by no later than February 28, 2023.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**V.** **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The parties recommend a settlement conference following a decision on anticipated cross-motions for summary judgment if the case is not fully resolved on summary judgment.

**VI.** **Trial Date**

The parties request a trial date in September 2023. The trial is by Court and is anticipated to take 1-2 days.

**VII.** **Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also, but do not presently, consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** **Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

| | |
|---|---|
| <u>/s/ Gavin M. Rose</u><br>Gavin M. Rose<br>ACLU of Indiana<br>1031 E. Washington St.<br>Indianapolis, IN 46202<br>317-635-4059<br>grose@aclu-in.org<br><br>Attorney for plaintiff | <u>/s/ Michael J. Wright (with permission)</u><br>Michael J. Wright<br>605 Ohio St., Ste. 312<br>Terre Haute, IN 47807<br>812-201-9562<br>wrightlawfirm812@gmail.com<br><br>Attorney for defendant |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**