IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUG SPRINGER, | ) |
|     Plaintiff, | ) |
|         v. | ) No. 2:21-cv-00398-JMS-MJD |
| VIGO COUNTY HEALTH DEP'T, | ) |
|     Defendant. | ) |

**FIRST AMENDED COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

**Introductory Statement**

1. Like many public agencies, the Vigo County Health Department ("the Health Department") maintains and operates a Facebook page. It uses this page to post information concerning public health and public-health initiatives that might be of interest to persons in Vigo County and, understandably, the majority of its posts over the past two years have revolved around the COVID-19 pandemic. In response to one of these posts, Doug Springer used Facebook's "comment" function to express his belief that COVID-19 case counts publicized by the Health Department were misleading insofar as most persons that tested positive for COVID-19 would not develop significant symptoms from the virus. The Health Department responded swiftly to Mr. Springer's comment by "banning" him entirely from its Facebook page, an action that serves not only to delete Mr. Springer's comment but also to prevent him from making any other comment on the Health Department's Facebook page. And the Health Department took this step without providing any notice to Mr. Springer, either of its decision to ban him from its Facebook page or the

1

       reasons for this decision, and without providing him an opportunity to contest this decision.

2. The Health Department's action in banning Mr. Springer from its Facebook page unjustifiably impinges on Mr. Springer's right to free speech under the First Amendment. The manner in which it did so without providing notice or an opportunity to be heard also violates procedural due process. Declaratory and injunctive relief is appropriate

**Jurisdiction, Venue, and Cause of Action**

3. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

7. Doug Springer is an adult resident of Vigo County, Indiana.

8. The Vigo County Health Department is an agency of Vigo County, Indiana established by Indiana Code § 16-20-1-1, *et seq.*

**Factual Allegations**

9. Facebook.com ("Facebook") is a social media platform that allows users to create and maintain user-specific pages to "post"—and thereby disseminate—videos, photographs, messages, or other information to persons identified as their "friends" on Facebook and to other individuals or to the public at large. A user's Facebook page is occasionally referenced as that user's "profile" or "timeline."

10. Facebook also allows users to interact with other individuals by "commenting" on users' Facebook posts or on other comments that have been made on Facebook posts. Users may also "share" Facebook posts that have been made by other individuals or organizations, thereby causing someone else's Facebook post to appear on a user's own Facebook page and thus increasing the number of persons who view that Facebook post.

11. The Vigo County Health Department ("the Health Department") is an agency of Vigo County, Indiana. Like many governmental agencies and other governmental bodies and officials, the Health Department maintains and operates a Facebook page. Its Facebook page is available at https://www.facebook.com/vigocountyhd.

12. The Health Department's Facebook page can be viewed by the public and anyone with a Facebook account can post a comment in response to the Health Department's posts or in response to other user comments that have been made on those posts.

13. The Health Department uses its Facebook page largely to post, and thereby disseminate, information about public health or public-health initiatives that it believes to be useful to the residents of Vigo County. Understandably, over the last two years most of the information that it has posted to its Facebook page concerns the COVID-19 pandemic, the spread of COVID-19, and COVID-19 testing and vaccination.

14. As indicated, the Health Department allows other Facebook users to "comment" on its Facebook posts. Users frequently do so in order to express their opinions concerning the Health Department or the information that the Health Department has shared, to share additional information related to the Health Department's Facebook posts, or to pose questions to the Health Department. When persons pose questions to the Health

Department, the Health Department frequently uses the "comment" function to answer these questions.

15. At least during the height of the COVID-19 pandemic, the Health Department regularly posted information to its Facebook case concerning the number of positive COVID-19 cases, hospitalizations, or deaths in Vigo County.

16. For instance, on January 27, 2021, the Health Department posted the following graph to its Facebook page:



The same Facebook post also included a second chart identifying the "Cumulative Positive COVID-19 Cases" in Vigo County over the same time-frame as well as advice on how persons could help to prevent the spread of COVID-19 (such as by wearing a mask, washing their hands frequently, and social distancing).

17. In response to either this Facebook post or a similar one providing data concerning the number of COVID-19 cases in Vigo County, in January 2021 Mr. Springer posted a

"comment" to express his opinion that COVID-19 was not as dangerous as he believed it had been portrayed to be. Although Mr. Springer no longer has access to the precise verbiage that he used, to the best of his recollection he commented as follows:

> They are NOT cases; they are positive test results and the majority of them will never get sick from the virus. The very fact that the number of positives without accompanying illness is so high shows that the virus is much less dangerous than it is being portrayed.

Mr. Springer's comment was not vulgar, harassing, threatening, defamatory, or otherwise inappropriate.

18. In response to Mr. Springer's comment, the Health Department swiftly "banned" him from its Facebook page. This action had the effect not only of deleting Mr. Springer's comment as well as any previous comments that he had posted to the Health Department's Facebook page but also of preventing Mr. Springer from commenting on other posts made to the Health Department's Facebook page in the future.

19. At the same time as it responded to Mr. Springer's comment by banning him from its Facebook page, the Health Department continued to allow other users to place comments on the same Facebook post, including comments that the Health Department deemed supportive of the information that it provided as well as comments posing questions to the Health Department.

20. Mr. Springer had posted comments similar to his January 2021 comment to the Health Department's Facebook page on a handful of occasions in the past, although the Health Department did not delete these comments or ban him from its Facebook page, or take any other action against him, in response to these earlier comments. These comments were, however, also removed from the Health Department's Facebook page as a result of Mr. Springer's ban.

21. In May 2020, Mr. Springer, by counsel, contacted the attorney for Vigo County in an attempt to have Mr. Springer unbanned from the Facebook page of the Health Department. This inquiry did not garner a response and, to this day, Mr. Springer remains banned from the Health Department's Facebook page.

22. Mr. Springer has been banned from the Health Department's Facebook page due exclusively to the viewpoint that he expressed in his Facebook comment. This represents improper viewpoint-based discrimination and is not supported by any governmental interest, let alone a compelling one.

23. Mr. Springer would like to again be able to comment on posts made to the Health Department's Facebook page and would like any previous comments that he made to be restored.

24. The banning of Mr. Springer from the Facebook page of the Health Department impinges on Mr. Springer's liberty interest in engaging in expressive activity, and therefore implicates the procedural component of the Due Process Clause of the Fourteenth Amendment.

25. At the time that Mr. Springer was banned from the Health Department's Facebook page, he was not provided with any notice, either of the Health Department's decision to ban him from its Facebook page or of the reasons for this decision, nor was he provided with an opportunity to contest this decision.

26. On information and belief, by practice or policy the Health Department does not provide such notice or any opportunity to be heard to Facebook users that are banned from its Facebook page.

27. As a result of the actions or inactions of Health Department, Mr. Springer is suffering

irreparable harm for which there is no adequate remedy at law.

28. At all times the Health Department has acted or refused to act under color of state law.

**Legal Claim**

29. The actions of the Health Department violate Mr. Springer's rights under the First Amendment to the United States Constitution.

30. The actions of the Health Department violate Mr. Springer's rights under the Fourteenth Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff respectfully requests that this Court do the following:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendant has violated the rights of the plaintiff for the reason described above.

3. Issue a preliminary injunction, later to be made permanent, (a) requiring the defendant to unban the plaintiff from commenting on the defendant's Facebook page, (b) requiring the defendant to take any and all steps necessary to restore the plaintiff's comments to the defendant's Facebook page, (c) prohibiting the defendant from banning the plaintiff or removing comments made by the plaintiff in the future based on the content or viewpoint of the plaintiff's speech, and (d) requiring that the defendant provide notice and an opportunity to be heard prior to banning persons from its Facebook page.

4. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

                                                Gavin M. Rose
                                                ACLU of Indiana
                                                1031 E. Washington St
                                                Indianapolis, IN 46202
                                                317/635-4059
                                                fax: 317/635-4105
                                                grose@aclu-in.org

                                                *Attorney for the plaintiff*